A89A1705. CAGLE v. THORPE et al.

(388 SE2d 533)

DEEN, Presiding Judge.

The appellant, Jean Cagle, was injured in the course of her employment as a nurse at the Georgia Industrial Institute at Alto, Georgia, when she slipped and fell on a recently mopped floor. Cagle brought this action against the appellees, who had contracted with the State of Georgia to manage the medical floor at the Alto institution. The jury returned a verdict for the appellees, and Cagle appeals, enumerating as error the trial court's charging the jury on assumption of risk and avoidance of consequences.

At trial, Cagle testified that the floors usually were mopped daily by inmates, but at no set time. She knew that the floors were slippery when wet, and had previously slipped but not fallen after the floor had been mopped. She claimed to have complained to the appellees, with no specific response from them. Cagle also stated that the inmates used large mop buckets that were often stored in the hallway. She slipped and fell around 4:20 p.m., shortly before she was to get off work; she denied awareness that the floor had just been mopped, and did not remember noticing a nearby mop bucket bearing the warning, "Wet Floor, Caution," when she fell.

Two other employees, however, testified that the floor was always mopped in the afternoon between 4:00 and 4:30, because the heavy traffic flow, especially during the morning, made it impractical to mop at other times. One who was present at the time Cagle fell observed the mop bucket about two feet from Cagle. *Held:*

1. The defense of assumption of risk requires (1) that the plaintiff had some actual knowledge of the danger; (2) that she understood and appreciated the risk therefrom; and (3) that she voluntarily exposed herself to that risk. *Rainey v. City of East Point*, 173 Ga. App. 893 (328 SE2d 567) (1985). Cagle contends that assumption of risk was not at issue in the instant case because at the time of the slip and fall, she did not know that the floor had just been mopped. However, the evidence authorized a jury to find that Cagle had knowledge of

the hazard at that time of day, appreciated the risk, and proceeded to walk on the recently mopped floor voluntarily. Accordingly, the trial court did not err in charging the jury on assumption of risk.

2. In instructing the jury on avoidance of consequences, the trial court did not specifically instruct that the plaintiff's duty to avoid the consequences of the defendant's negligence does not arise until the plaintiff knew, or in the exercise of ordinary care, should have known of such negligence. This court has previously indicated its preference that this omitted instruction be included in a charge on avoidance of consequences, but found no error in its omission. *Mitchell v. Gay*, 111 Ga. App. 867 (143 SE2d 568) (1965).

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 9, 1989 —<br>REHEARING DENIED NOVEMBER 17, 1989.

*Husby, Myers & Stroberg, Robert L. Husby, Jr.*, for appellant.
*Gorby, Reeves, Moraitakis & Whiteman, Michael J. Gorby*, for appellees.