## A97A1470. MANGUM v. THE STATE.
(492 SE2d 300)

Judge Harold R. Banke.

Anthony Scott Mangum was convicted of armed robbery, motor vehicle theft, sexual battery, driving without a license, driving under

the influence, reckless driving, and obstruction of an officer. He enumerates four errors on appeal.

This case arose after Mangum entered Quilted Hearts, a quilting store. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). When the proprietor inquired whether she could help him, Mangum stated "that this was a robbery and that he had a gun and that he wanted the cash" she had. During this exchange, Mangum kept one hand inside his shirt, which bulged as though he was holding a firearm. The proprietor gave him the contents of her register. Mangum then asked her the make of her car. When she responded, he demanded the keys to her Volvo. Her hesitation angered Mangum, who "told her not to make him get violent, to just give him the keys." While the proprietor retrieved her keys, Mangum reached over and squeezed the sole customer's breast. He then jerked the phone from the wall and left.

The proprietor immediately ran to the store next door and called police. Officers responding to that call soon received a report of a single car accident involving a white Volvo. The car had hit a tree and come to rest against a house.

Lieutenant Terry Connor, a plainclothes officer, was driving home from work in his unmarked police cruiser when he heard the call and responded. After learning that the driver fled from the wreck, Connor reasoned that the logical escape route would be toward the interstate. Connor then drove down a nearby shortcut to the interstate and saw Mangum standing beside an abandoned house, wiping blood from his head. Connor called out to Mangum that he was looking for some stolen bicycles. Connor then exited his car and moved closer to Mangum, who turned and ran. Connor chased him, yelling, "Stop, sheriff's department, you're under arrest." Connor aborted his pursuit after stepping on a nail. Other officers apprehended Mangum as he attempted to cross the interstate. *Held*:

1. We reject Mangum's contention that the evidence that he was armed was insufficient to support the verdict. *Jackson v. Virginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979); OCGA § 16-8-41 (a). Here, both the proprietor and the customer testified that during the commission of the offense Mangum kept his hand concealed in his shirt and the bulge there led them to believe he had a weapon. Both women testified that Mangum warned them not to make him get violent or hurt them. The customer testified that Mangum announced he was armed on entering the shop. She also stated that Mangum used his unconcealed hand to take the money and keys, pull the phone from the wall, and open the door to leave. The proprietor testified that she thought Mangum was armed. This evidence, viewed in the light most favorable to the verdict, supports the

conclusion that the proprietor's apprehension that Mangum was armed was reasonable. *McCluskey v. State*, 211 Ga. App. 205, 207-208 (2) (438 SE2d 679) (1993); compare *Tate v. State*, 191 Ga. App. 727, 728 (2) (382 SE2d 688) (1989). The inference of a weapon's presence was not error.[1] *Johnson v. State*, 195 Ga. App. 56, 57 (1) (a) (392 SE2d 280) (1990).

2. We reject Mangum's contention that theft by taking is a lesser included offense to the armed robbery charge and should have been merged. Although defendants may not be convicted of more than one crime if the charges are the same in law or fact, here both charges were separate as a matter of fact. Compare *Williams v. State*, 223 Ga. App. 209, 210 (3) (477 SE2d 367) (1996). The armed robbery was complete once Mangum took the money from the cash register. *Miller v. State*, 174 Ga. App. 42, 45 (5) (329 SE2d 252) (1985). The theft by taking of the motor vehicle occurred when Mangum drove off in the proprietor's Volvo. Id.; *Holt v. State*, 239 Ga. 606, 607 (238 SE2d 399) (1977). Accordingly, the evidence establishing armed robbery is not the same as the evidence establishing the commission of the other crime.

3. We reject Mangum's contention that the evidence that Connor was a law enforcement officer in the lawful discharge of his duties is insufficient to support the obstruction count. OCGA § 16-10-24 (a). Although Connor was not in uniform or driving a marked car, the record shows that he wore his badge on his belt and informed Mangum that he was conducting an investigation. When Connor was within 30 or 40 feet and Mangum turned to run, Connor yelled out that he worked for the sheriff's department and for Mangum to stop. This evidence was sufficient to authorize a finding that Mangum knew Connor was a law enforcement officer. See *Bailey v. State*, 190 Ga. App. 683 (379 SE2d 816) (1989).

4. Mangum maintains his trial counsel was ineffective for erroneously relying on a misdiagnosis by health care providers and failing to arrange a timely, accurate mental health evaluation to buttress the guilty but mentally ill defense. At the time of trial, Mangum was receiving treatment for manic depression. However, he was subsequently diagnosed with hypothyroidism, the purported cause of the behavior underlying the offenses, since alleviated by proper treatment.

Mangum maintains that trial counsel should have required his unwilling expert, Dr. George Johnson, to testify. Rather than forcing Johnson to testify, trial counsel relied on Dr. Robert Storms, who

---

[1] The record shows the jury received an instruction on the lesser included offense of robbery by intimidation and rejected that alternative. See *Sumlin v. State*, 207 Ga. App. 408, 409 (2) (427 SE2d 868) (1993).

evaluated Mangum during trial at the State's request. Trial counsel testified that he made this decision after Johnson informed him that Storm would provide essentially the same testimony necessary to establish that Mangum suffered from mental illness. This tactical decision did not constitute ineffective assistance. *Keanum v. State*, 212 Ga. App. 662, 664 (3) (442 SE2d 790) (1994). Further, even if trial counsel's delay in obtaining a mental health expert was deficient, we fail to see how this deficiency would have prejudiced the defense to the extent that there was a reasonable probability that the trial's result would have been different had it not occurred, particularly in light of Mangum's claim that his problem was purely physical. See *Strickland v. Washington*, 466 U. S. 668, 692 (104 SC 2052, 80 LE2d 674) (1984).

Nor has Mangum presented evidence in support of his contention that a more thorough and timely mental health examination would have detected his physical problem, the ostensible reason he committed these offenses. We see nothing in the record which should have alerted trial counsel to the need for a physical examination or to the misdiagnoses of the several mental health care providers who examined Mangum. Mangum's attempt to hold trial counsel to a higher standard of knowledge than a professional health care provider is unpersuasive. Further, the record refutes his assertion that trial counsel was precluded from mentioning the guilty but mentally ill defense in his opening statement. Mangum failed to establish that trial counsel's performance, viewed deferentially, was deficient. *Strickland*, 466 U. S. at 689; *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED SEPTEMBER 17, 1997 — ▮

*Harold M. Walker, Jr.*, for appellant.
*Lydia J. Sartain, District Attorney, Jessica K. Moss, Assistant District Attorney*, for appellee.