A01A1553. ST. ROMAINE v. THE STATE.
(554 SE2d 505)

JOHNSON, Presiding Judge.

In this case, Brian St. Romaine was indicted jointly with Tony Baugh for possession and sale of cocaine (Count 1) and individually for the same offense on a later date (Count 2). A jury found him guilty of Count 1 and not guilty of Count 2. On appeal, he contends that his motion for mistrial — based on the interjection of evidence of bad character — should have been granted, that his pre-trial motion to sever charges should have been granted and that the evidence was insufficient to support his conviction.

Viewed in the light most favorable to the verdict, the record shows the following facts. On April 9, 1998, in the course of a drug investigation, a Georgia Bureau of Investigation (GBI) agent and a confidential informant approached Baugh to purchase cocaine from him. After going into Baugh's home, Baugh produced cocaine, but the agent stated that he wanted to purchase $200 worth and that the approximately seven pieces Baugh was showing him did not have an aggregate value of that amount. At that point all the parties went into a different room where they met St. Romaine and Baugh explained to him that the agent disagreed as to the value of the cocaine. Ultimately, the agent gave St. Romaine $160 in exchange for

[22] *Robinson v. State*, 169 Ga. App. 763 (315 SE2d 277) (1984).
[23] *Harrison v. State*, 201 Ga. App. 577, 583 (5) (411 SE2d 738) (1991).

the cocaine, whereupon the agent and the confidential informant left the area. The GBI laboratory confirmed that the substance the agent had purchased was cocaine. The agent and the confidential informant both identified St. Romaine at trial as the person from whom the agent purchased the cocaine, and St. Romaine's co-defendant (who pled guilty before the trial) identified him as the person for whom he was arranging drug sales and to whom he took the confidential informant to buy drugs.

On May 5, 1998, the confidential informant bought cocaine from St. Romaine, but, as noted, St. Romaine was found not guilty of possession and sale on this occasion where the only witness to the sale was the confidential informant.

1. St. Romaine's first enumeration is that the trial court should have granted his motion for mistrial because, as his counsel stated at trial, in the course of cross-examining St. Romaine, "[the prosecutor] has introduced something . . . about [a plea of guilty by St. Romaine to misdemeanor possession of] marijuana."

(a) St. Romaine's motion was untimely, as he permitted seven questions to be asked on the subject of marijuana after it came up and then four more questions on cocaine before making his motion. An untimely motion for a mistrial waives the point.[1]

(b) Even had the motion been timely, however, the trial court did not abuse its discretion in denying it.[2] The cross-examination of St. Romaine that led up to St. Romaine's admission, in response to the prosecutor's questions, that he had, earlier in the month in which this case was being tried, pled guilty to misdemeanor possession of marijuana was as follows:

Q: And I take it you've never sold crack cocaine?
A: I never deal with any kind of drugs. . . .
Q: And what is your definition of drugs?
A: As in crack cocaine.
Q: Okay. . . . [Y]ou don't deal with crack cocaine.
A: I don't deal with crack cocaine. I don't deal with marijuana. I don't deal with no other sorts of drug in my life.

OCGA § 24-9-82 provides that "[a] witness may be impeached by disproving the facts testified to by him," and that is all the prosecutor did in questioning St. Romaine about his marijuana plea after he had testified that he did not deal with marijuana or any other kind of

---

[1] *McCounly v. State*, 191 Ga. App. 266, 269 (5) (381 SE2d 552) (1989).
[2] *McKenye v. State*, 247 Ga. App. 536, 538 (2) (544 SE2d 490) (2001) (the decision whether to grant a mistrial is within the sound discretion of the trial court, and the ruling will not be disturbed absent abuse).

drugs. It matters not that this questioning — and his resultant admission — reflected badly upon his character.[3] Here, as in *King,* "[t]he prosecutor's questioning of appellant regarding his prior conviction went no [further] than necessary to rebut appellant's unsolicited denial of [dealing with any kind of drugs other than crack cocaine]."

2. St. Romaine's second enumeration is that his pre-trial motion to sever charges should have been granted. In *Whitfield v. State*[4] we wrote:

> [W]here multiple offenses have been joined [for trial] solely on the ground that they are of the same or similar character, the defendant has an absolute right to a severance of offenses. Where, however, joinder is based on [the same conduct or on] a series of acts connected together [and evince ongoing criminality], severance lies within the sound discretion of the trial court. Offenses are not joined *solely* because they are of the same or similar character where the similarity reaches the level of a pattern evincing a common motive, plan, scheme or bent of mind.[5]

In this case, the facts show a continuing course of criminal conduct, namely St. Romaine's activities in supplying cocaine for each transaction. Accordingly, the trial court did not abuse its discretion in denying the motion to sever.[6]

3. St. Romaine's final enumeration is that there was insufficient evidence to support his conviction. In reviewing such a claim, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt.[7] We address only the sufficiency of the evidence, and we do not weigh the evidence or determine the credibility of the witnesses.[8] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, the jury's verdict will be upheld.[9]

The necessary elements of the offense of possession and sale of cocaine are simply that a person possess and sell cocaine.[10] Here,

---

[3] See *King v. State,* 203 Ga. App. 287, 289 (2) (416 SE2d 842) (1992); *Height v. State,* 214 Ga. App. 570-571 (1) (448 SE2d 726) (1994); *Thrasher v. State,* 204 Ga. App. 413-414 (1) (419 SE2d 516) (1992).

[4] 217 Ga. App. 402 (457 SE2d 682) (1995).

[5] (Citations and punctuation omitted; emphasis in original.) Id. at 403 (1).

[6] Id.

[7] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[8] *Kellibrew v. State,* 239 Ga. App. 783 (1) (521 SE2d 921) (1999).

[9] Id.

[10] OCGA § 16-13-30 (a) (possession) and (b) (sale). Actually, possession is one offense,

there was testimony by two eyewitnesses — the GBI agent and the confidential informant — as to both possession and sale by St. Romaine. Additionally, a GBI chemist testified that the substance bought by the GBI agent was cocaine. Accordingly, the evidence was sufficient to convict St. Romaine of the charge in Count 1 of the indictment.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED AUGUST 15, 2001.

*Franklin & Hubbard, Brooks S. Franklin, Mary E. Lysak, Cynthia G. Morris*, for appellant.

*T. Joseph Campbell, District Attorney, Lance T. McCoy, Assistant District Attorney*, for appellee.

---

and sale is another; but Count 1 of the indictment charged St. Romaine with violating OCGA § 16-13-30 by having in his possession and selling cocaine.