## A01A2104. BROWN v. THE STATE.
### (562 SE2d 513)

RUFFIN, Judge.

A Peach County jury found Leroy Brown guilty of selling cocaine. On appeal, Brown challenges the sufficiency of the evidence. Brown also asserts that the trial court erred in removing a juror during deliberations without permitting Brown to question that juror. Brown's assertions lack merit, and we affirm.

1. In reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and we determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] In so doing, "we do not weigh the evidence or determine the credibility of the witnesses. As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, the jury's verdict will be upheld."[2]

So viewed, the evidence shows that on January 18, 2000, Deputy Sheriff Jeff Monroe was working as an undercover agent, "trying to make street level buys of crack cocaine." Monroe drove to a house where he had purchased cocaine on previous occasions. A man walked out of the house and approached Monroe's car. Monroe handed the man $50, and the man gave Monroe four pieces of crack cocaine.

Monroe immediately took the cocaine to his partner, Deputy Sheriff Cornelius Flowers. Monroe then gave Flowers "a description of who he purchased [the cocaine] from, [including] height, weight, skin complexion, mustache with a goatee." The next day, Flowers went to the area where the sale took place to look for individuals matching that description. Flowers saw Brown, who Flowers testified was "the only person fitting that description." Flowers then put together an array that included photos of Brown and four other men who generally matched the suspect's description. A day and a half after Monroe purchased the cocaine, Flowers showed the array to Monroe, and Monroe identified Brown as the man who sold him the

---

[1] See *St. Romaine v. State*, 251 Ga. App. 212, 214 (3) (554 SE2d 505) (2001).
[2] (Footnote omitted.) Id.

cocaine. At trial, Monroe again identified Brown as the man who sold him the cocaine. Based upon this evidence, the jury found Brown guilty of selling cocaine.

On appeal, Brown asserts that his conviction was not supported by the evidence. Specifically, Brown points to evidence that he was at his girlfriend's house when the sale took place. Both Brown and his former girlfriend testified that Brown was at the girlfriend's house at the time of the sale on January 18, 2000. In addition, Brown's aunt, who lives across the street from where the sale took place, testified that she did not see her nephew in the neighborhood the day of the sale. Although Brown seems to suggest that the jury was required to believe this testimony, he is mistaken.

"The credibility of the witnesses and the weight to be given the evidence are the sole province of the jury."[3] Thus, the jury was authorized to reject the testimony presented by Brown, his aunt, and his former girlfriend in favor of the State's evidence.[4] It follows that this claim of error presents no basis for reversal.

2. In his second enumeration of error, Brown argues that the trial court erred in dismissing a juror. After the jury started deliberating, the foreman informed the trial court that one of the jurors had "a problem with undercover investigation by the police." The trial court questioned the juror, who informed the court that he did not have a problem with undercover investigations but, for religious reasons, was unable to render a guilty verdict. The trial court then removed that juror, replacing him with an alternate. Brown objected to the removal of the juror and requested an opportunity to further question him. The trial court declined Brown's request, stating that it had "already decided to take [the juror] off."

"OCGA § 15-12-172 provides that [an] alternate juror may take the place of a juror who becomes ill or for other good or legal cause is shown to be incapacitated."[5] A trial court must exercise its discretion in determining whether the substitution of a juror is warranted.[6] We will not overturn a trial court's decision absent an abuse of that discretion.[7] Here, the trial court dismissed the juror only after that juror stated that he could not render a guilty verdict due to his religious beliefs. And, as our Supreme Court has determined, it is not an abuse of discretion to dismiss a juror under these circumstances.[8]

To the extent Brown argues that he had a right to rehabilitate

---

[3] *Autry v. State*, 230 Ga. App. 773, 774 (1) (498 SE2d 304) (1998).
[4] See *Mulvey v. State*, 250 Ga. App. 345, 346 (1) (551 SE2d 761) (2001).
[5] *Perry v. State*, 255 Ga. 490, 493 (5) (339 SE2d 922) (1986).
[6] See id.
[7] See *Williams v. State*, 272 Ga. 828, 830 (5) (537 SE2d 39) (2000).
[8] See id.

the juror, we disagree. Once a trial court, in the exercise of its discretion, has questioned a juror and concluded that the juror is disqualified, "the defendant is not entitled to further questioning as a matter of right, although the trial court may allow it."[9]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MARCH 20, 2002.

*Robert M. Bearden, Jr.*, for appellant.
*Howard Z. Simms, District Attorney, Eugene Felton, Jr., Assistant District Attorney*, for appellee.

---

[9] *Roberts v. State*, 252 Ga. 227, 233 (7) (314 SE2d 83) (1984) (no right to rehabilitate during voir dire).