A02A2411. FRAYALL v. THE STATE.

(576 SE2d 654)

RUFFIN, Presiding Judge.

Following a bench trial, Eugenia Frayall was found guilty of aggravated assault on a police officer, felony obstruction of a police officer, and shoplifting. On appeal, Frayall challenges the sufficiency of the evidence.[1] Finding the evidence amply supports the verdict, we affirm.

Viewed in favor of the verdict, the evidence shows that on November 9, 1999, off-duty Police Officer Peter Delatorre was working as a security officer in a Dillard's department store. Peter's brother, Michael, who also is a police officer, was keeping his brother company.

While Peter Delatorre was monitoring surveillance cameras, he saw Frayall enter a dressing room carrying two shirts and a pair of sweat pants. When Frayall left the dressing room, however, Peter Delatorre saw only the sweat pants and one shirt. Delatorre then had a store employee check the dressing room and learned that the shirt had not been left inside. After watching Frayall leave the store with-

---

[1] Frayall also was convicted of no proof of insurance, but she does not challenge this conviction on appeal.

out stopping at the cash register, Peter Delatorre followed her into the parking lot to question her.

Peter Delatorre walked up to Frayall, identified himself as a police officer, and said, "I want to talk to you." Frayall looked at Peter Delatorre, who was wearing his uniform, then turned and ran toward her car. As she was running, Frayall dropped her purse, which contained the missing shirt. As Frayall attempted to enter the car, Peter Delatorre tried to stop her. Frayall started swinging her arms, scratching the officer.

Michael Delatorre followed his brother outside and tried to help him by opening the passenger door and reaching for Frayall's car keys. Michael, who was wearing his police badge, identified himself to Frayall as a police officer and ordered her to stop resisting. With Michael only halfway into the car, however, Frayall put it in drive and sped through the parking lot before striking another car. Frayall ignored Michael's repeated orders to stop, and Michael managed to pull himself entirely into the car while Frayall fled from the parking lot, running several stop signs. Frayall eventually slowed the car sufficiently to jump out, leaving Michael in the passenger seat of the car. Michael Delatorre managed to stop the car and began chasing Frayall on foot. When he caught Frayall, she began yelling, "he's trying to rape me." Shortly thereafter, backup arrived, and Frayall was placed under arrest.

1. Frayall was charged with committing aggravated assault against police officer Michael Delatorre "with a deadly weapon, to wit: an automobile." On appeal, Frayall asserts that the evidence was insufficient to support her conviction of this crime because the State failed to prove either that she used her automobile as a deadly weapon or that she intended to harm Michael Delatorre. We disagree.

Under OCGA § 16-5-21 (a) (2), "[a] person commits the offense of aggravated assault when . . . she assaults . . . [another] [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury." Although an automobile is not a deadly weapon per se, it may become one depending upon the manner in which it is used.[2] "The question of whether an automobile has been used in such a manner so that it constitutes a deadly or offensive weapon is a matter for the [factfinder's] determination."[3]

Here, Frayall began driving while Michael Delatorre was only

[2] See Durrance v. State, 250 Ga. App. 185, 187 (2) (549 SE2d 406) (2001); Bogan v. State, 249 Ga. App. 242, 243 (1) (547 SE2d 326) (2001); Reynolds v. State, 234 Ga. App. 884, 885 (1) (b) (508 SE2d 674) (1998).

[3] Thomas v. State, 255 Ga. App. 777, 778 (1) (567 SE2d 72) (2002).

halfway inside the car, striking another car. At some point during Michael's struggle to enter the car, he sustained bruises to his legs and a cut to his hand. Although Frayall claims that she was unaware that "Michael Delatorre was caught half-in and half-out of her car," the factfinder was not required to believe her testimony.[4] Rather, the factfinder was authorized to conclude that Frayall knew Michael Delatorre was struggling to enter the car and nonetheless "intentionally used [her] car in such a manner that it became a deadly or offensive weapon"[5] by continuing to drive.

Frayall maintains that she did not intend to hurt Michael Delatorre, but was merely frightened and trying to get away. But aggravated assault by means of a deadly weapon is not a specific intent crime.[6] Rather, the evidence must show only a general intent to injure.[7] General intent to injure is a question for the factfinder and may be determined "upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."[8] In this case, the factfinder was authorized to conclude that Frayall had the requisite intent to commit aggravated assault based on her demeanor and conduct. It follows that this enumeration of error presents no basis for reversal.

2. Frayall also asserts that the evidence was insufficient to support her conviction for felony obstruction of a police officer. OCGA § 16-10-24 (b) provides that any person who "knowingly and willfully resists, obstructs, or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to" that officer commits the offense of felony obstruction. According to Frayall, the evidence failed to establish that Michael Delatorre was in the lawful discharge of his duties, or that she knew he was a police officer, or that she knowingly or wilfully offered violence toward him. Again, we disagree.

Frayall asserts that the evidence shows "merely that [Michael Delatorre] was seeking to assist his brother," rather than discharge his official duties as a police officer. However, Michael Delatorre, as a law enforcement officer, has a full-time duty to maintain the peace.[9] The fact that Michael Delatorre was assisting his brother, who also is a police officer, has no bearing on this duty. Here, Michael Delatorre knew that Frayall was suspected of shoplifting when his brother, Peter, approached her for questioning. Michael Delatorre then wit-

---

[4] See *Brown v. State*, 254 Ga. App. 345, 346 (1) (562 SE2d 513) (2002) (" 'The credibility of the witnesses and the weight to be given the evidence are the sole province of the jury.' ").

[5] *Thomas*, supra.

[6] See *Durrance*, supra at 187.

[7] See id. at 186; *Bogan*, supra.

[8] (Punctuation omitted.) *Cline v. State*, 199 Ga. App. 532, 533 (2) (405 SE2d 524) (1991).

[9] *Animashaun v. State*, 207 Ga. App. 156, 158 (1) (427 SE2d 532) (1993).

nessed Frayall attempting to flee, screaming at his brother, and "swinging her arms, hitting him." Thus, Michael Delatorre observed Frayall commit several offenses against a fellow law enforcement officer, who just happened to be his brother. Having witnessed such offenses, Michael Delatorre certainly was authorized to intervene. And, as Michael Delatorre is a police officer, such intervention constitutes the discharge of lawful duties.[10]

We are equally unpersuaded by Frayall's argument that she did not know Michael Delatorre was a police officer. According to Michael Delatorre, he repeatedly informed Frayall that he was a police officer, and he displayed his badge, which authorized the factfinder to conclude that Frayall knew Michael Delatorre was a police officer.[11]

Frayall's contention that the State failed to prove "that she knowingly and willfully offered violence or did violence toward Michael Delatorre" is also meritless. As discussed above, the evidence demonstrates that Frayall committed aggravated assault against Michael Delatorre by driving her car while he was struggling to enter it.

3. Finally, Frayall argues that the trial court should have directed a verdict on the shoplifting charge because the State failed to prove that the shirt that fell out of her purse was the property of Dillard's. Again, Frayall's argument lacks merit. Peter Delatorre testified that the shirt that fell out of Frayall's purse was the one she took into the dressing room. Peter Delatorre further testified that he watched Frayall leave the store without paying for the shirt, which still had the store tag on it. Finally, when Peter Delatorre approached Frayall for questioning, she immediately fled. All of this evidence points to Frayall's guilt, and the trial court was not required to direct a verdict on this count.[12]

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED JANUARY 23, 2003.

*Jackson & Schiavone, Steven L. Sparger, John R. Calhoun,* for appellant.

*Spencer Lawton, Jr., District Attorney, Arvo H. Henifin, Assistant District Attorney,* for appellee.

---

[10] See *Carr v. State*, 176 Ga. App. 113, 114-115 (1) (335 SE2d 622) (1985).
[11] See *Mangum v. State*, 228 Ga. App. 545, 547 (3) (492 SE2d 300) (1997).
[12] See *Page v. State*, 250 Ga. App. 494, 496 (2) (552 SE2d 99) (2001).