A03A2113. In the Interest of M. M., a child.
(593 SE2d 919)

Ruffin, Presiding Judge.

Finding that 15-year-old M. M. committed criminal trespass, obstructed a law enforcement officer, and interfered with government property, the juvenile court adjudicated him delinquent. M. M. appeals, arguing that the evidence was insufficient to support the juvenile court's ruling and that he was denied due process. For reasons that follow, we affirm.

1. When reviewing the sufficiency of the evidence supporting a juvenile court's delinquency adjudication, we apply the same standard of review used in criminal cases.[1] "That is, we construe the evidence in favor of the adjudication to determine if a rational trier of fact could have found beyond a reasonable doubt that the juvenile committed the acts charged."[2]

Viewed in this manner, the evidence shows that, on March 15, 2003, Officer Glen Walters of the Glennville Police Department was driving his personal vehicle when he observed M. M. and several other juveniles standing on a street corner. As Walters drove past the group, M. M. threw an egg at Walters' car, striking the rear passenger side window. Walters, who was off duty and not in uniform, exited the car, identified himself as a police officer, and told the group to "stop." The juveniles ran, and Walters called for assistance. Officer Ken Jackson, who was assigned to a police sub-station located in a Glennville Housing Authority apartment complex, responded and helped apprehend M. M., who struggled with the officers and had to be forcibly handcuffed and placed in a patrol car. M. M. apparently was released from custody that night or the next day.

Two days later, Officer Jackson discovered that eighteen windows and a blue light had been broken at the police sub-station. A sixteen-year-old boy who was with M. M. on the night of March 16 testified that M. M. broke two of the windows with a stick shortly

---

[1] See *In the Interest of J. A. F.,* 262 Ga. App. 722, 723-724 (2) (586 SE2d 381) (2003).
[2] Id. at 724.

after Jackson left the station that night. According to this witness, M. M. stated "[t]hat he was going to bust the window [be]cause Officer Jackson put the handcuffs on him . . . too tight."

The State petitioned to have M. M. declared delinquent, alleging that M. M. committed criminal trespass by throwing an egg at Officer Walters' car, obstructed Officer Walters by fleeing from him, and interfered with government property by breaking windows in the police sub-station. After hearing the evidence, the juvenile court concluded that M. M. committed each of these acts and adjudicated him delinquent. We find the evidence sufficient to support the juvenile court's ruling.

(a) *Criminal Trespass.* A person commits "criminal trespass when he or she intentionally damages any property of another without consent of that other person and the damage thereto is $500.00 or less."[3] Officer Walters testified that M. M. threw an egg at his car. He further stated that the egg damaged a plastic strip on the car window, causing the plastic to "spider[ ] in a circ[ular] pattern where the egg made contact." Based on this evidence, a rational trier of fact could find that M. M. committed criminal trespass.[4] Although the State did not present clear evidence regarding the value of the damage,[5] the juvenile court, as factfinder, was authorized to use its own experience in forming an estimate as to the damage to the car, an everyday object.[6]

(b) *Interference with Government Property.* Under OCGA § 16-7-24 (a), "[a] person commits the offense of interference with government property when he destroys, damages, or defaces government property."[7] The sixteen-year-old witness testified that M. M. broke two windows in the police sub-station. We recognize that M. M. denied breaking the windows and presented several alibi witnesses. The juvenile court, however, was authorized to resolve the credibility conflicts against M. M.[8]

Finally, although the State must prove that a governmental entity owned the damaged property to establish this offense, such ownership may be shown by circumstantial evidence.[9] The Director

---

[3] OCGA § 16-7-21 (a).

[4] See id.

[5] Walters testified that he received a $186.20 repair estimate from a bodyshop, but we have previously held such testimony to be inadmissible hearsay. See *In the Interest of A. F.*, 236 Ga. App. 60 (1) (510 SE2d 910) (1999).

[6] See *Jones v. State*, 236 Ga. App. 716-717 (1) (513 SE2d 254) (1999); *Mallory v. State*, 164 Ga. App. 569, 570 (2) (298 SE2d 290) (1982); see also *B. L. v. State of Ga.*, 156 Ga. App. 14 (274 SE2d 67) (1980).

[7] OCGA § 16-7-24 (a).

[8] See *In the Interest of D. L. S.*, 224 Ga. App. 660, 661 (1) (482 SE2d 418) (1997).

[9] See *McClendon v. State*, 264 Ga. App. 174, 177 (2) (b) (590 SE2d 189) (2003); *Weldon v. State*, 262 Ga. App. 854-855 (1) (586 SE2d 741) (2003).

of the Glennville Housing Authority testified that the Authority provided the sub-station facility to the police department and was responsible for the repairs to the windows. Based on this evidence, a factfinder could conclude beyond a reasonable doubt that the damaged property was owned by the Authority and that M. M. violated OCGA § 16-7-24 (a).[10]

(c) *Obstruction.* The juvenile petition alleged that M. M. obstructed Officer Walters by fleeing after Walters ordered him to stop. Under OCGA § 16-10-24 (a), obstruction results when a person "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties." As we have noted, "[f]light after a lawful command to halt constitutes obstruction of an officer."[11]

Walters testified that M. M. and the others ran from him after he identified himself as a police officer and instructed them to halt. Although Walters was off duty at the time of the incident, that fact does not undermine the juvenile court's obstruction finding. A law enforcement officer "has a full-time duty to maintain the peace."[12] Even when off duty, an officer who witnesses a criminal offense is authorized to intervene, and "such intervention constitutes the discharge of lawful duties."[13]

Walters saw M. M. commit a criminal trespass. As a police officer, he was authorized, if not duty-bound, to intervene.[14] Given Walters' testimony that he identified himself as an officer and instructed M. M. to stop, the juvenile court was authorized to find that M. M. committed the offense of obstruction.[15]

2. M. M. also argues that a fatal variance between the evidence presented at trial and the allegations in the juvenile petition violated his due process rights. He notes that the juvenile petition alleged he committed criminal trespass when he "intentionally damage[d] a police car . . . by throwing an egg at Officer Walters' car," while the evidence showed that he threw an egg at Walters' *personal* vehicle. In addition, although the petition alleged that M. M. interfered with government property "by breaking out 18 windows including the blue light dome at the front door" of the police sub-station, the evidence only established that he broke two windows.

Due process requires that a juvenile petition "contain sufficient

---

[10] See *McClendon,* supra. Neither party disputes that the Glennville Housing Authority is a governmental entity, and thus we do not address this issue.

[11] (Punctuation omitted.) *Patterson v. State,* 244 Ga. App. 222, 224 (2) (535 SE2d 269) (2000).

[12] *Frayall v. State,* 259 Ga. App. 286, 288 (2) (576 SE2d 654) (2003).

[13] Id. at 289. See also *Duncan v. State,* 163 Ga. App. 148-149 (1) (294 SE2d 365) (1982).

[14] See *Frayall,* supra.

[15] See OCGA § 16-10-24 (a); *Frayall,* supra; *Patterson,* supra.

factual details to inform the juvenile of the nature of the offense . . . [and] provide data adequate to enable the accused to prepare his defense."[16] A variance between the allegations in a juvenile petition and the proof at trial "is not fatal unless it misinforms the defendant as to the charges against him or leaves him open to subsequent prosecutions for the same offense."[17]

We find no fatal variance or due process violation here. Although the allegations relating to criminal trespass incorrectly alleged that M. M. threw the egg at Walters' police car, the State need not show damage to police property to establish this offense.[18] It simply must prove damage to the property of "another," a requirement met by evidence that M. M. damaged Walters' personal vehicle.[19] Furthermore, the petition contained sufficient information, including the date of the incident and the fact that it involved egg-throwing, to inform M. M. of the charge, enable him to prepare his defense, and protect him from subsequent prosecutions for the same offense.[20]

Similarly, the discrepancy between the delinquency allegations and the evidence regarding the number of windows M. M. damaged in the sub-station does not demand reversal. The petition fully informed M. M. of the date of the alleged incident, its location, and the offense charged — interference with government property by breaking windows. The number of broken windows is not an element of the offense; the State need only prove damage to government property.[21] And although the State did not establish that M. M. broke all 18 windows or the sub-station's blue light, as alleged in the petition, we fail to see how this discrepancy affected M. M.'s ability to understand the charge and prepare his defense, or how it leaves him open to another prosecution for this same offense. Accordingly, the variance is not fatal.[22]

---

[16] (Punctuation omitted.) *In the Interest of C. C. C.*, 188 Ga. App. 849, 851 (4) (374 SE2d 754) (1988).

[17] (Punctuation omitted.) *In the Interest of B. C. G.*, 235 Ga. App. 1, 3-4 (1) (508 SE2d 239) (1998). See also *In the Interest of J. D. T.*, 262 Ga. App. 860, 861-862 (1) (586 SE2d 748) (2003).

[18] See OCGA § 16-7-21 (a). Cf. OCGA § 16-7-24 (a).

[19] See OCGA § 16-7-21 (a).

[20] See *In the Interest of J. D. T.*, supra; see also *Edward v. State*, 261 Ga. App. 57, 59 (2) (581 SE2d 691) (2003) (even if indictment improperly identified owner of burglarized house, variance was not fatal); *Abney v. State*, 240 Ga. App. 280, 281-282 (2) (523 SE2d 362) (1999) (indictment that misidentified owner of burglarized house did not "mislead [defendant] in such a manner that impeded his ability to present a defense or surprise him at trial") (footnote omitted).

[21] See OCGA § 16-7-24 (a).

[22] See *Marshall v. State*, 199 Ga. App. 678-679 (1) (b) (405 SE2d 893) (1991) (although indictment alleged that defendant shoplifted a "set of sheets" from store and evidence only supported conclusion that he took one sheet, "there was no [variation of] necessary fact"); *In the Interest of C. C. C.*, supra (although petition alleged that juvenile was delinquent in

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED FEBRUARY 2, 2004.

*Earle J. Duncan III,* for appellant.
*J. Thomas Durden, Jr., District Attorney, Claira E. Mitcham, Assistant District Attorney,* for appellee.

---

spray-painting metal building, but evidence showed that he actually painted driveway leading up to building, variance was not fatal because petition sufficiently "place[d] the juvenile and his parents on notice of the charge against him so that he could prepare his defense").