A09A0674. BARNES v. THE STATE.
(675 SE2d 233)

JOHNSON, Presiding Judge.

A jury found Star Barnes guilty of one count of aggravated assault and one count of simple assault. Barnes appeals, alleging the evidence was insufficient to support the jury's verdict. We find no error and affirm Barnes' convictions.

When reviewing the sufficiency of the evidence, we must determine whether any rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt.[1] We view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility.[2] Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court.[3] As long as there is some evidence, even though contradicted, to support each necessary element of the state's case, the jury's verdict will be upheld.[4]

Viewed in this light, the evidence showed that the two victims, a mother and her eleven-year-old daughter, went to a friend's house for Thanksgiving dinner. Barnes, who had previously threatened the mother, showed up uninvited at the dinner, pushed the mother, and started a verbal and physical altercation with her outside the friend's house. The guests at the dinner party left the house to help the mother. After Barnes pulled the mother's hair and dug her fingernails into her neck, the daughter ran to assist her mother. Barnes began cursing at the daughter. She told the victims, "I am going to kill y'all's ass," and she told the mother specifically, "I am going to kill you."

Barnes then got inside her car, spun in circles, and tried to hit the mother. She then made a u-turn and drove her car back toward the group, again aiming the car at the mother. However, Barnes missed the mother and hit the daughter with her car. After striking the daughter, Barnes again sped toward the group. When members of the group began to chase the car, Barnes left the scene.

A person commits the offense of simple assault when she either attempts to commit a violent injury to the person of another or commits an act which places another in reasonable apprehension of immediately receiving a violent injury.[5] Count 2 of the indictment alleged that Barnes committed the crime of aggravated assault by assaulting the daughter with her car. However, the jury convicted Barnes of the lesser included offense of simple assault. Based on the daughter's testimony that Barnes actually hit her with the car after attempting to hit her mother, as well as the corroborating testimony of three other witnesses, the jury was authorized to conclude that Barnes assaulted the daughter with her car.

---

[1] See *Bush v. State*, 268 Ga. App. 200, 201 (1) (601 SE2d 511) (2004).
[2] Id.
[3] Id.
[4] Id.
[5] OCGA § 16-5-20 (a).

A person commits the offense of aggravated assault when she assaults with a deadly weapon or with any object, device, or instrument that when used offensively against a person is likely to or actually does result in serious bodily injury.[6] Count 1 of the indictment alleged that Barnes committed the crime of aggravated assault by making an assault on the mother with an automobile. Although an automobile is not a deadly weapon per se, it may become one depending on the manner and means by which it is used.[7] And the question of whether an automobile has been used in such a manner so as to constitute a deadly or offensive weapon is a question of fact for the jury.[8] Based on the mother's testimony, as well as the corroborating testimony of three other witnesses, the jury was authorized to conclude that Barnes assaulted the mother with her car.

While Barnes points out testimony intended to discredit the witnesses, and testimony favorable to her, it is the jury's duty, not this Court's, to assess the credibility of the witnesses and weigh the evidence.[9] And the testimony of a single witness is generally sufficient to establish a fact.[10]

In addition, while Barnes claims the state failed to prove criminal intent, "aggravated assault by means of a deadly weapon is not a specific intent crime."[11] The state was only required to prove a general intent to injure; aggravated assault committed by means of a deadly or offensive weapon, unlike aggravated assault committed with the intent to murder, rape, or rob, does not require a specific criminal intent.[12] And general intent to injure is a question of fact for the jury's determination after the jury considers the words, conduct, demeanor, motive, and all other circumstances connected with the act being prosecuted.[13] The evidence in this case was sufficient for a rational trier of fact to find that Barnes had the requisite intent to commit aggravated assault based on her words, conduct, and demeanor. The trial court did not err in denying Barnes' motion for new trial on the ground of insufficient evidence.

*Judgment affirmed. Ellington and Mikell, JJ., concur.*

---

[6] OCGA § 16-5-21 (a) (2).

[7] See *Bush*, supra; *Frayall v. State*, 259 Ga. App. 286, 287 (1) (576 SE2d 654) (2003).

[8] *Frayall*, supra.

[9] See *Bush*, supra.

[10] OCGA § 24-4-8.

[11] *Frayall*, supra at 288 (1).

[12] Compare OCGA § 16-5-21 (a) (1), (2); *Durrance v. State*, 250 Ga. App. 185, 187 (2) (549 SE2d 406) (2001).

[13] *Frayall*, supra.

DECIDED MARCH 5, 2009.

*Leisa G. Terry*, for appellant.

*Kenneth B. Hodges III, District Attorney, William F. Underwood III, Gregory W. Edwards, Assistant District Attorneys*, for appellee.