## A09A0803. DAVIS v. BATCHELOR et al.
### (686 SE2d 314)

ADAMS, Judge.

Henry Davis brought suit against Officer Jason Batchelor and the city of Warner Robins for damages arising out of an incident when Batchelor ran over Davis's foot with his patrol car in connection with Davis's arrest. The trial court granted the defendants' motion for summary judgment, holding that Batchelor was performing a discretionary duty and that the city was protected by sovereign immunity for the state law negligence claim and that Davis was unable to show a 42 USC § 1983 claim. We reverse on the state law claim.

Construed in favor of Davis, the evidence shows that on July 17, 2005, Davis, carrying an unloaded handgun, unlawfully entered an unlocked car with intent to steal but found nothing to take. While walking home he saw a patrol car coming toward him, which was driven by Batchelor. Batchelor had received a report of "entering an

auto in progress" with a description of the suspect; the report stated that the suspect had fled on foot toward a certain location and might be armed; and Batchelor thought Davis fit the description when he saw him. Davis claims that Batchelor then turned around, turned off his headlights and pursued Davis with the patrol car, which caused Davis to fear that he was in danger, so he began to run. Davis ran toward the parking lot of a storage facility and then turned right, to go between two buildings where he intended to jump a fence. Batchelor denied turning his headlights off but acknowledged following Davis toward the buildings, and, as Batchelor explained, "I turned my patrol vehicle in to block the opening. . . ."

Davis testified that he never got a chance to get to the fence. When he was about ten feet from the fence, a car hit him from behind. When the car came to a stop, Davis's left foot was caught under the front passenger tire of the patrol car. The significant dispute in the facts is that Batchelor claims Davis changed direction immediately prior to the accident and that he braked and skidded before hitting Davis; Davis denies changing direction. The incident broke a bone and caused other problems to Davis's foot. He had multiple surgeries and a skin graft and spent several weeks in the hospital.

With regard to his criminal activities that night, Davis pleaded guilty to possession of a firearm by a convicted felon and entering an automobile; a count of obstruction of an officer was nolle prossed. He was sentenced to ten years, to serve fourteen months, and he has served that time.

Davis filed a claim for damages against Batchelor and the city. Davis alleged that while Batchelor was acting in the course and scope of his employment he was negligent in the operation of his patrol car and that his actions "are imputed to his employer." He also claimed that both defendants were liable under 42 USC § 1983 for violating his constitutional rights in that the city trained officers to chase suspects in a dangerous manner with a reckless disregard for the life and health of the public.

The defendants moved for summary judgment, and in response, Davis insisted that his complaint only "named Defendant Batchelor in his official capacity." In its order on the motion, the trial court found that Davis had thereby waived any claim he might have against Batchelor in his "individual capacity." Davis has not appealed this point. The court concluded that, as a result, the only remaining claims were Davis's claim under 42 USC § 1983 for an unreasonable seizure and his claim against the city for Batchelor's alleged negligence. The court held that Davis had no claim under Section 1983 because the city cannot be liable under respondeat superior and because there was no evidence that the city's lack of

training amounted to deliberate indifference to his constitutional rights. The court held that Davis had no claim against the city for state law negligence because Batchelor was performing a discretionary duty, because the city had not waived sovereign immunity, and because, even if the city had waived sovereign immunity, Davis assumed the risk of his injuries as a matter of undisputed fact.

"On appeal from a grant of summary judgment, this Court conducts a de novo review of the record, construing the evidence and all inferences therefrom in favor of the nonmoving party." *Chamlee v. Henry County Bd. of Ed.*, 239 Ga. App. 183 (521 SE2d 78) (1999).

1. The trial court correctly held that because a claim against a municipal official in his official capacity is the same as a claim against the municipality, Davis has waived all claims of personal liability against Batchelor. See *Kentucky v. Graham,* 473 U. S. 159, 165-166 (105 SC 3099, 87 LE2d 114) (1985); *Hafer v. Melo*, 502 U. S. 21, 25 (II) (112 SC 358, 116 LE2d 301) (1991).

2. Davis claims that the city is liable under 42 USC § 1983 for failure to properly train Batchelor to handle the type of encounter that occurred between him and Davis, which resulted in a constitutional deprivation. Batchelor admitted that he had no training regarding apprehending a suspect who is on foot when he is in a patrol car and that he was not aware of such training.

But even assuming a constitutional violation, "a municipality can be found liable under § 1983 . . . only when the 'execution of the government's policy or custom . . . inflicts the injury. . . .'" *City of Canton v. Harris*, 489 U. S. 378, 385 (III) (109 SC 1197, 103 LE2d 412) (1989). "Respondeat superior or vicarious liability will not attach under § 1983." Id. And, "inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." Id. at 388 (III) (B). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." Id. at 389 (III) (B).

The trial court granted summary judgment on this issue. It held that Davis offered no evidence to show that the city's failure to train amounted to deliberate indifference on the part of the city. We agree. Davis has introduced no evidence regarding the city's practices other than that Batchelor had not been trained on how to chase suspects on foot when the officer is in a car and that he was not familiar with any such training. Davis has not established that the city had no such training nor shown that the city had knowledge that its training was lacking in this regard or inadequate in the face of a known risk. "That a particular officer may be unsatisfactorily

trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *City of Canton*, 489 U. S. at 390-391 (III) (B). Davis has introduced no evidence to show that a deliberate choice was made by the city nor that the city had a policy or custom amounting to deliberate indifference to his rights.

3. Davis may only assert a state law negligence claim against the city if the city waived its sovereign immunity. OCGA § 36-33-1. The applicable statute, OCGA § 33-24-51 (b),

> provides for waiver of sovereign immunity to the extent of the amount of liability insurance purchased for the negligence of duly authorized officers, agents, servants, attorneys, or employees in the performance of their official duties that arises out of either ownership, maintenance, operation, or use of a motor vehicle.

*Chamlee*, 239 Ga. App. at 188. See *Carter v. Glenn*, 249 Ga. App. 414, 416 (548 SE2d 110) (2001) (same, municipal defendant). The city admits that it purchased motor vehicle liability insurance through the Georgia Interlocal Risk Management Agency (GIRMA). Davis bears the burden of showing a waiver of immunity, *Scott v. City of Valdosta*, 280 Ga. App. 481, 484 (1) (634 SE2d 472) (2006), which, in this case, means showing that the policy would cover the claim.

The city's insurance policy does not cover losses resulting from intentional conduct. Here, the city contends the evidence only shows intentional conduct by Batchelor. Under Davis's version of the facts, Batchelor intentionally ran him down with the car, and Batchelor claims he was acting reasonably. The trial court held that Davis had only shown intentional conduct. But, construing all the facts in favor of Davis, a jury would be authorized to find that Batchelor did not act intentionally, but, rather, he negligently came too close to Davis with his car for the purposes that he was trying to achieve and that he used poor judgment under the circumstances. We find the court erred in concluding that the facts precluded a finding of negligence.

The trial court also held it to be beyond dispute that Davis assumed the risk of his injury. "The defense of assumption of risk requires (1) that the plaintiff had some actual knowledge of the danger; (2) that [he] understood and appreciated the risk therefrom; and (3) that [he] voluntarily exposed [himself] to that risk. [Cit.]" *Cagle v. Thorpe*, 193 Ga. App. 576 (1) (388 SE2d 533) (1989); OCGA § 51-11-2. The city and the court point out that Davis knew he had just committed a crime, knew that an officer of the law was pursuing him, knew the risks of fleeing from an officer because he had done so before, and knew the risk of an encounter with a vehicle because he

had been struck by a car while walking once before, yet he chose to flee.

Assumption of the risk is usually a jury issue. See *Garner v. Rite Aid of Ga.*, 265 Ga. App. 737, 740 (595 SE2d 582) (2004). And it involves the person's subjective and objective knowledge of the risk:

> Knowledge of the risk is the watchword of assumption of risk, and means both actual and subjective knowledge on the plaintiff's part. The knowledge that a plaintiff who assumes a risk must subjectively possess is that of the specific, particular risk of harm associated with the activity or condition that proximately causes injury. The knowledge requirement does not refer to a plaintiff's comprehension of general, non-specific risks that might be associated with such conditions or activities.

(Punctuation and footnotes omitted.) *Vaughn v. Pleasent*, 266 Ga. 862, 864 (1) (471 SE2d 866) (1996).

Again construing the evidence in favor of Davis, we hold there is an issue of fact on this issue. It is simply not beyond dispute that Davis was aware of the actual risk of being hit by Batchelor nor that he had subjective knowledge that he was at risk of being hit from behind by a police car being driven by a trained officer. An automobile can be considered a deadly weapon depending on how it is used. *Barnes v. State*, 296 Ga. App. 493, 495 (675 SE2d 233) (2009); *Shaw v. State*, 241 Ga. 308, 313 (245 SE2d 262) (1978). Given that Davis had not threatened Batchelor with deadly force, a question of fact remains as to whether he anticipated that deadly force might be used against him, even negligently, i.e., whether Davis subjectively possessed knowledge of this "specific, particular risk of harm associated with [fleeing from an officer]." *Muldovan v. McEachern*, 271 Ga. 805, 808 (523 SE2d 566) (1999).

*Judgment affirmed in part and reversed in part. Blackburn, P. J., and Doyle, J., concur.*

DECIDED OCTOBER 30, 2009.

*Freedman & Sinowski, Thomas C. Sinowski, Scott S. Cohen, Miguel A. Garcia, Jr.*, for appellant.

*Chambless, Higdon, Richardson, Katz & Griggs, Thomas F. Richardson, Frances L. Clay*, for appellees.