A06A0224. IN THE INTEREST OF K. B. T., a child.
(631 SE2d 412)

SMITH, Presiding Judge.

K. B. T. was adjudicated delinquent based upon his participation in a homicide. He appeals, contending in his sole enumeration of error that the trial court erred in denying his motion for a directed verdict of acquittal. We find no error and affirm.

The test set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) is the proper standard of review when the sufficiency of the evidence is challenged in a motion for directed verdict of acquittal. *Stansell v. State*, 270 Ga. 147, 148 (1) (510 SE2d 292) (1998). We must also defer to the trier of fact with regard to witness credibility and the weight of the evidence. *Joyner v. State*, 280 Ga. 37, 38-39 (1) (622 SE2d 319) (2005).

So viewed, the evidence presented showed that the victim, a 65-year-old homeless man, was beaten, kicked on his head, and left unconscious one night in a public park during a cold rain. He was found the next morning and transported to a hospital in a comatose state. After being transferred to a larger hospital and then to a nursing home, he died in a hospice from his injuries several weeks later.

K. B. T. was interviewed by a police detective with his mother present. He first denied any knowledge of the crime. Rodney Mobley was charged with the homicide, pled guilty, and was sentenced as an adult. Although K. B. T. at first denied knowing Mobley, shortly thereafter he admitted that he was present at the park with Mobley when Mobley beat and kicked the victim about the head repeatedly and urinated and defecated on the victim. K. B. T. asserted, however, that he told Mobley to stop and that his only role in the incident was that he pushed the shopping cart in which the victim placed the cans he collected and sold. K. B. T. claimed he took the shopping cart from the scene and returned it to the scene later but did not see the victim when he returned.

K. B. T. argues that the trial court erred in denying his motion for a directed verdict. He argues that although he was present at the crime scene, no evidence was presented that he participated in the beating that caused the victim's death.

> OCGA § 16-2-20 (a) provides: "Every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime." OCGA § 16-2-20 (b) (3) goes on to provide that one is "concerned in the commission of a crime" if he, among other things, "[i]ntentionally aids or abets in the commission of the crime." While an individual's presence when a crime is committed will not be

sufficient, in and of itself, to convict that individual as a party to the crime, if the individual is present and assists in the commission of the crime or shares in the criminal intent of the actual perpetrator of the crime, the individual may be convicted as a party to the crime. Further, "criminal intent may be inferred from conduct before, during, and after the commission of the crime."

(Citations and punctuation omitted.) *Joyner*, supra, 280 Ga. at 39 (1).

Here, K. B. T.'s intent may be inferred easily from his conduct during and after the crime. He stood and watched while Mobley beat and kicked the victim repeatedly and brutally. By K. B. T.'s own admission, he saw Mobley urinate and defecate on the beaten victim. He did not leave; he did not call for help. He even held a light on the victim's face to see his condition, so he was aware that the victim's face was swollen and bloody. His description of the crime was consistent with the medical evidence describing the victim's injuries, and feces were also found on the victim's shirt.

The trial court was not required to credit the self-serving portions of K. B. T.'s statement, including K. B. T.'s statement that he took the shopping cart from the park and returned it later to find the victim gone. The detective testified that it was raining and the victim's clothing was damp, yet the ground under the victim was dry, making it unlikely that the victim left the area and returned. Moreover, given the medical testimony regarding the extent of the victim's injuries, it is unlikely that the victim could have walked away from the scene at all.

Viewing the evidence to support the juvenile court's findings, we conclude that it was sufficient to authorize the court to find K. B. T. delinquent for being a party to the crime resulting in the victim's death. The juvenile court therefore did not err in denying K. B. T.'s motion for directed verdict.

*Judgment affirmed. Ruffin, C. J., and Phipps, J., concur.*

DECIDED MAY 12, 2006.

*John R. Thigpen, Sr.*, for appellant.
*Richard E. Currie, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.