673 S.E.2d 321 (2009)
In the Interest of D.S., a child.
No. A08A2297.
Court of Appeals of Georgia.
February 6, 2009.
*322 Jonathan A. Kesler, Canton, for appellant.
Garry T. Moss, District Attorney, Sara A. Thompson, Assistant District Attorney, for appellee.
BARNES, Judge.
D.S. was adjudicated delinquent after the Cherokee County Juvenile Court found him guilty of felony obstruction and misdemeanor obstruction of an officer. He appeals, arguing that the trial court erred in denying his motion for directed verdict because the officer was not engaged in the lawful discharge of his official duties as required under OCGA § 16-10-24. Upon review, we affirm.
On appeal, we examine the record in the light most favorable to the judgment to determine if the State presented evidence sufficient for a rational trier of fact to conclude that the accused committed the act charged. Brown v. State, 275 Ga.App. 99(1), 619 S.E.2d 789 (2005). See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When making this determination, we do not weigh the evidence or assess the credibility of witnesses. Brown, 275 Ga.App. at 99(1), 619 S.E.2d 789. "The test set forth in Jackson v. Virginia, [supra,] is [also] the proper standard of review when the sufficiency of the evidence is challenged in a motion for directed verdict of acquittal. [Cit.]." In the Interest of K.B.T., 279 Ga.App. 350, 631 S.E.2d 412 (2006).
So viewed, the evidence shows that on the night of the incident, two officers with the Canton Police Department were working as security guards at Pepper's Mexican Restaurant. The restaurant offered dancing from 11:00 p.m. to 3:00 a.m. for persons 18 and over. The officers were responsible for checking identification at the door and determining who could be served alcohol. The owner also requested that an officer periodically check the restrooms because they had been used for drug transactions.
The officer saw D.S. in a corner of the restaurant with some friends and "recognized him as being a juvenile because of the encounters [they] had on the streets before ... the incident that night." He noticed over the next hour that D.S. started to make frequent trips to the restroom and went to investigate. The officer testified that he was interested in talking with D.S. because he and his friends were wearing blue bandanas, and based on his experience and training the bandanas often represented gang affiliation. He also testified that D.S. claimed to be affiliated with the Mexican Kings gang or MK-13.
When the officer approached D.S. in the men's room and began questioning him, D.S. became agitated, accused the officer of harassing him and told the officer to "fuck off." The officer asked D.S. for identification, but D.S. refused to cooperate and continued to use profanity and "mouth off." The officer then ordered D.S. to put his hands on the wall, but D.S. started to walk away, at which point the officer grabbed him and pushed him back and told D.S. that if he walked away again he would be sprayed with pepper spray.
D.S. became increasingly agitated, going "into the violent mode," walked away again, and the officer sprayed him. The two began to fight, and D.S. punched the officer in the face and torso, and wrestled the officer to the ground until the officer used his baton to subdue D.S. When a restaurant employee came into the restroom, the officer sent him to get the other officer for assistance.
During the bench trial, D.S. moved for a directed verdict, contending that the officer was not engaged in the lawful discharge of his official duties as required by OCGA § 16-10-24 and accordingly he could not be adjudicated *323 delinquent on the obstruction charge. The trial court denied the motion.
OCGA § 16-10-24(b) provides:
Whoever knowingly and willfully resists, obstructs, or opposes any law enforcement officer, prison guard, correctional officer, probation supervisor, parole supervisor, or conservation ranger in the lawful discharge of his official duties by offering or doing violence to the person of such officer or legally authorized person is guilty of a felony.
Under OCGA § 16-10-24(a), a person "who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Although D.S. argues otherwise, the evidence shows that the officer was in the lawful discharge of his official duties in this circumstance.
Here the officer was engaged checking the identification of patrons to ensure that they were 18 years old or older as required by the restaurant owners. See Duncan v. State, 163 Ga.App. 148, 149(1), 294 S.E.2d 365 (1982) (officer who, working as a bouncer at a bar, physically ejected a patron who refused to leave the bar at closing time was lawfully discharging his official duty to maintain peace and order). The officer recognized D.S. and suspected that he was under the restaurant's age limit.
Moreover, the officer also had a particular and objective reason to suspect D.S. of being an unruly child, such that the officer was authorized to conduct a brief investigative stop to determine D.S.'s age.[1] Because the officer was engaged in the lawful discharge of his official duties at the time of his encounter with D.S., the trial court did not err in denying the motion for directed verdict and in adjudicating D.S. delinquent.
Judgment affirmed.
JOHNSON, P.J., and PHIPPS, J., concur.
NOTES
[1] "`Unruly child' means a child who: Patronizes any bar where alcoholic beverages are being sold, unaccompanied by such child's parents, guardian, or custodian, or possesses alcoholic beverages." OCGA § 15-11-2(12)(G).