**SECOND DIVISION**
**ANDREWS, P.J.**
**MILLER AND BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 7, 2015**

# In the Court of Appeals of Georgia

A15A0860. EVANS v. THE STATE.

MILLER, Judge.

Following a bench trial, Douglas Evans was found guilty of one count of child molestation (OCGA § 16-6-4 (a)) and one count of sexual exploitation of children (OCGA § 16-12-100 (b)).[1] In sentencing Evans, the trial court refused to deviate from the mandatory minimum sentence for child molestation under OCGA § 17-10-6.2 (c) (1) (C) because the trial court found that Evans's conviction for sexual exploitation of children was a "relevant similar transaction." Evans appeals, contending that the trial court erred in considering the sexual exploitation offense as a "relevant similar transaction" because it was charged in the same indictment as the child molestation count. For the reasons that follow, we affirm.

---

[1] Evans was acquitted of another count of sexual exploitation of children.

The interpretation of OCGA § 17-10-6.2 (c) (1) (C) is a question of law, which we review de novo. See *Jenkins v. State*, 284 Ga. 642, 645 (2) (670 SE2d 425) (2008).

Although our decision is based on the language of the statute, the evidence from Evans's trial, when viewed in a light most favorable to the verdict,[2] shows that around 2005 or 2006, the then four- or five-year-old victim and her mother met Evans at church, and they became friendly with him since he was involved with the church's youth group. The victim referred to Evans as "Moose." Eventually, the victim began to stay overnight at Evans's house once a week.

At these overnight stays, Evans instructed the victim to take a bath. After drying her off, Evans directed the victim to lie on his bed, whereupon he rubbed lotion on the her bottom, back and legs. On one occasion, Evans attempted to rub lotion on the victim's vagina, but the victim smacked his hand away and told him, "no." Evans also kissed the victim on her head, lips, and bottom.

In 2009, when the victim was eight years old, she told her teacher that "Moose" had kissed her and that he had rubbed lotion on her bottom and vagina. The teacher reported the incident to the school counselor and the principal.

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

Following the victim's disclosure, a police officer conducted a forensic interview where the victim recounted what Evans had done and revealed that Evans had also taken pictures of her. Police officers then obtained and executed a search warrant to search electronic storage devices at Evans's home. The police officers uncovered electronic media containing images of young children involved in sexual activities, including semi-nude photographs of the victim.

Following the presentation of evidence, the trial court found Evans guilty of child molestation and sexual exploitation of children. At sentencing, Evans's counsel argued that the court should not impose a lengthy prison sentence. The trial court found that it was not allowed to sentence Evans to less than five years to serve for the child molestation conviction because his sexual exploitation of children conviction was a "relevant similar transaction" that precluded a deviation under OCGA § 17-10-6.2 (c) (1) (C). The trial court sentenced Evans to 20 with 5 years to serve on the child molestation charge and 5 years to serve concurrently for the sexual exploitation conviction.

On appeal, Evans contends that the trial court erred in finding that the sexual exploitation of children conviction was a relevant similar transaction for purposes of OCGA § 17-10-6.2 (c) (1) (C) because two charges joined for trial are not similar

3

transactions as a matter of law and the legislature intended for "relevant similar transactions" to be limited to independent, extrinsic acts separate from the tried offenses. We disagree.

Under OCGA § 17-10-6.2, if a defendant is convicted of a sexual offense, which includes the offenses of child molestation and sexual exploitation of children, the trial court must impose a sentence that includes a minimum time to be served in prison. See OCGA § 17-10-6.2 (a) (5),(10), & (b). The trial court is prohibited from probating, suspending, staying, deferring, or withholding any of the mandatory term of imprisonment stated for any of the specified offenses. OCGA § 17-10-6.2 (b). If all of the criteria listed in OCGA § 17-10-6.2 (c) (1) have been met, the trial court has the discretion to deviate from the mandatory minimum prison sentence. See OCGA § 17-10-6.2 (c) (1) (A) - (F); *Hedden v. State*, 288 Ga. 871, 874 (708 SE2d 287) (2011). The pertinent factor in this case is that "[t]he court has not found evidence of a relevant similar transaction." OCGA § 17-10-6.2 (c) (1) (C). Thus, the possibility of a reduced prison sentence is foreclosed if the trial court has "found evidence of a relevant similar transaction." Id.

The phrase "relevant similar transaction" is not defined by OCGA § 17-10-6.2.

4

However, "[i]n all interpretations of statutes, the courts shall look diligently for the intention of the General Assembly, keeping in view at all times the old law, the evil, and the remedy." OCGA § 1-3-1 (a). In determining the Legislature's intent, we must first begin with the text of the statute. See *Fair v. State*, 288 Ga. 244, 252 (2) (702 SE2d 420) (2010). "[W]here the literal text of a statute is plain and does not lead to absurd or impracticable consequences, we apply the statute as written without further inquiry."(Citation omitted.) *Spivey v. State*, 274 Ga. App. 834, 835 (1) (619 SE2d 346) (2005).

Here, although "relevant similar transaction" is undefined, the Legislature's intent is clear. The Legislature unambiguously considers the offenses of sexual exploitation of children and child molestation to be relevant similar transactions because they are both defined as "sexual offenses" for OCGA § 17-10-6.2 purposes.

Moreover, the Legislature enacted OCGA § 17-10-6.2 in 2006. See Ga. L. 2006, pp. 395-396, § 21. Long before the statute's enactment, it was well established that, at sentencing, the trial court could consider *any* evidence that was properly admitted during the guilt-innocence phase of the trial. See *Blake v. State*, 273 Ga. 447, 450 (4) (542 SE2d 492) (2001); cf. *Ingram v. State*, 262 Ga. App. 304, 308 (4) (c) (585 SE2d 211) (2003) ("[S]entencing courts are authorized to consider in

aggravation any lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crime.") (footnote omitted). Given the existing state of the law when the Legislature enacted OCGA § 17-10-6.2, we presume that the Legislature would allow the trial court, at sentencing, to consider all evidence introduced at the defendant's trial, including evidence of another indicted sexual offense, in determining whether there was evidence of a relevant similar transaction. See *Fair*, supra, 288 Ga. 244 at 252 (2) ("[I]n interpreting a statute, we must presume that the General Assembly had full knowledge of the existing state of the law and enacted the statute with reference to it.") (citation and punctuation omitted).

Evans cites to *Algren v. State*, 330 Ga. App. 1, 5-6 (2) (764 SE2d 611) (2014), and OCGA § 24-4-404 to support his contention that the phrase "similar transaction" has generally been understood to mean independent, extrinsic acts. Evans fails to appreciate that the body of law he relies upon governs the admissibility and limited purpose of evidence of similar transactions in the guilt-innocence phase, not evidence used at the sentencing phase. Thus, while OCGA § 24-4-404 governs the general admissibility of evidence of extrinsic acts, OCGA § 17-10-6.2 specifically governs the sentencing of sexual offenses, and "[f]or purposes of statutory interpretation, a

6

specific statute will prevail over a general statute, absent any indication of a contrary legislative intent." (Citation omitted.) *Vines v. State*, 269 Ga. 438, 440 (499 SE2d 630) (1998).

> Moreover,

> [s]tatutes should be read according to the natural and most obvious import of the language, without resorting to subtle and forced constructions, for the purpose of either limiting or extending their operation, and this principle is particularly compelling when interpreting criminal statutes.

(Citation and punctuation omitted.) *State v. Johnson*, 269 Ga. 370, 371 (1) (499 SE2d 56) (1998). Accordingly, this Court must read OCGA § 17-10-6.2 in conjunction with OCGA § 24-4-414 which provides that in a criminal proceeding in which the defendant is accused of a child molestation offense, evidence of the defendant's commission of another offense of child molestation, the definition of which includes the offense of sexual exploitation of children, *shall* be admissible and may be considered for its bearing on any matter to which it is relevant. Given this language, Evans forces a construction of OCGA § 17-10-6.2 that would lead to absurd consequences. In this case, the trial court denied Evans's motion to sever the child molestation count from the two counts of sexual exploitation of children. Had the trial court granted Evans's motion, there would be no question that the evidence

7

underlying his sexual exploitation of children would be admissible as a similar transaction in the trial on the child molestation count. See OCGA § 24-4-414. Since severance of the similar sexual offenses was not required,[3] it seems implausible that the Legislature would allow a defendant convicted of more than one sexual offense to be eligible for a downward deviation from the mandatory minimum sentence simply because the offenses were tried together, rather than severed from one another.

In light of the foregoing, we conclude that the phrase "relevant similar transaction" under OCGA § 17-10-6.2 (c) (1) (C) includes a conviction for a sexual offense charged within the same indictment as the offense for which a deviation from the mandatory minimum sentence is considered. Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. Andrews, P. J., and Branch, J., concur.*

---

[3] See *Stewart v. State*, 277 Ga. 138, 140 (587 SE2d 602) (2003) ("[S]everance is not mandatory when evidence of one offense is admissible upon the trial of another offense") (citation and emphasis omitted); *Dickerson v. State*, 304 Ga. App. 762, 764-765 (1) (697 SE2d 874) (2010) (where trial court found that sexual exploitation charge would have been admissible as similar transaction evidence to the child molestation charge, trial court did not err in refusing to sever charges).