**FOURTH DIVISION**
**DILLARD, C. J.,**
**DOYLE, P. J., and MERCIER, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 19, 2018**

# In the Court of Appeals of Georgia

A18A1212. BACON v. THE STATE.

MERCIER, Judge.

A jury found Sarah Bacon guilty of obstruction of a law enforcement officer (misdemeanor) and not guilty of simple battery. Bacon appeals, contending that the trial court erred by denying her motion for a directed verdict of acquittal on the obstruction charge. She argues that she could not be convicted of obstruction of a law enforcement officer because the officer, an off-duty municipal law enforcement officer, was working outside the municipality's boundaries and thus was not engaged in the lawful discharge of his official duties when he attempted to arrest her. We agree and reverse.

Viewed in the light most favorable to the verdict, *Edenfield v. State*, 293 Ga. 370, 371 (1) (744 SE2d 738) (2013), the evidence shows the following. C. R. was

employed at an American Legion facility in Americus, in Sumter County, Georgia. On May 28, 2016, C. R. had a disagreement with Bacon, who was her co-worker, in the facility's carport area.

Officer J. B, who was a sworn police officer for the Plains Police Department and the Montezuma Police Department, was working security for the American Legion that evening. His work at the time did not involve the Plains or Montezuma police departments, and he was not a sworn officer with the Sumter County Sheriff's Department or the City of Americus Police Department.

Officer J. B. testified that when he exited the American Legion building and entered the facility's carport area, he saw Bacon strike C. R. on the arm. Officer J. B. grabbed Bacon and told her she was under arrest, but Bacon "snatched away" from him. Officer J. B. told her again she was under arrest, and Bacon again pulled away from him. Bacon then "got into a defensive stance," and Officer J. B. "bear hugged" Bacon, placed her against a car, handcuffed her and called for the Sumter County Sheriff's Department to transport her to the sheriff's office. Bacon's cousin, J. R., testified that he witnessed part of the incident and that, when Officer J. B. was attempting to handcuff Bacon, the officer threatened to "throw [Bacon] on the ground"; J. R. implored the officer not to do so, and he did not.

2

Bacon was charged by accusation with obstruction of a law enforcement officer and simple battery.[1] As to the obstruction of a law enforcement officer charge, the accusation alleged that Bacon:

> in Sumter County, . . . did knowingly and willfully obstruct [J. B.], a law enforcement officer with the Plains Police Department, in the lawful discharge of his official duties by snatching away from him several times, which made it hard for him to place her under arrest, in violation of the laws of the State of Georgia.

The sole issue on appeal is whether the trial court erred by denying Bacon's motion for a directed verdict of acquittal on the charge of obstruction of a law enforcement officer, when the officer was an off-duty municipal police officer working outside of his jurisdiction when he attempted to arrest her.

> The standard of review for the denial of a motion for a directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support a conviction. A motion for a directed verdict in a criminal case should only be granted when there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of

---

[1] The accusation states that Bacon committed simple battery against "Sarah Bacon." The arrest warrant affidavit names C. R. as the victim, and the evidence shows that the victim of that offense, if there was one, was C. R. In any event, Bacon was found not guilty of simple battery and our review does not involve the verdict as to that count.

law. Moreover, on appeal the evidence must be viewed in the light most favorable to the verdict[.]

Where the evidence demands a verdict of acquittal, the failure of a trial judge to so direct a verdict is reversible error.

*Howard v. State*, 281 Ga. App. 797, 800 (3) (637 SE2d 448) (2006) (citations, punctuation and emphasis omitted).

OCGA § 16-10-24 (a) (2015) provides in pertinent part: "a person who knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." "Consequently, as an essential element of a prosecution for this offense, the State must prove that the officer was in the lawful discharge of his official duties at the time of the obstruction." *Green v. State*, 240 Ga. App. 774, 775 (1) (525 SE2d 154) (1999). A police officer is not discharging his lawful duties when he is making an unlawful arrest, and a person who resists an unlawful arrest does not hinder the officer in the lawful discharge of his official duties. *Wagner v. State*, 206 Ga. App. 180, 182-183 (424 SE2d 861) (1992) (reversing denial of motion for directed verdict of acquittal where defendant was charged with obstruction "by physically resisting a lawful arrest," because State did

4

not show that the arrest being resisted was lawful). "[A] person has the right to resist an unlawful arrest." *Sidner v. State*, 304 Ga. App. 373, 376 (3) (696 SE2d 398) (2010).

OCGA § 40-13-30 provides:

Officers of the Georgia State Patrol and any other officer of this state or of any county or municipality thereof having authority to arrest for a criminal offense of the grade of misdemeanor shall have authority to prefer charges and bring offenders to trial under this article, provided that *officers of an incorporated municipality shall have no power to make arrests beyond the corporate limits of such municipality unless such jurisdiction is given by local or other law.*

(Emphasis supplied.) Unless otherwise provided by law, "[n]o municipality may exercise any of the powers listed in subparagraph (a) of this Paragraph [e.g., police protection] or provide any service listed therein outside its own boundaries except by contract with the county or municipality affected." Ga. Const. Art. IX, §II, Para. III (b). It is undisputed that Officer J. B. was an officer of an incorporated municipality (Plains, as charged, but also Montezuma, per trial testimony) and was off duty and beyond the corporate limits of the municipality when he attempted to arrest Bacon. The fact that he was off duty is not determinative because obstruction can be committed against a law enforcement officer who is off duty or working private

5

security. See *Stryker v. State*, 297 Ga. App. 493, 494 (677 SE2d 680) (2009); *Duncan v. State*, 163 Ga. App. 148, 149 (1) (294 SE2d 365) (1982). However, Officer J. B. was an officer of an incorporated municipality, and he thus lacked power to make an arrest outside that municipality unless local or other law gave him such jurisdiction. See OCGA § 40-13-30. The State has not shown that any local or other law gave him such jurisdiction.

The State concedes that "it may be true that as a municipal police office[r], outside of his jurisdiction, [Officer J. B.] did not have authority to arrest [Bacon]," but it asserts that: (1) because Officer J. B. witnessed a crime being committed, "he was . . . authorized as a private citizen to place [Bacon] into handcuffs and detain her until a local peace officer could assist him"; and (2) because law enforcement officers have a duty to maintain the peace 24 hours a day, regardless of whether they are on duty, municipal officers are authorized to perform their official duties even outside of their jurisdictions.

6

1. Citing OCGA § 17-4-60,[2] the State contends that Officer J. B. was authorized as a private citizen to arrest Bacon outside of his jurisdiction because a crime was committed in his presence. But if he was acting as a private person effecting a citizen's arrest, as opposed to acting as a law enforcement officer, he was without certain authority otherwise conferred only upon law enforcement officers. See generally *Zilke v. State*, 299 Ga. 232, 235-236 (787 SE2d 745) (2016). Nothing in the language of OCGA § 16-10-24 supports a conclusion that a person who resists an arrest by a private citizen commits the offense of obstruction of a law enforcement officer. In fact, the clear and unambiguous text of OCGA § 16-10-24 provides that obstruction is committed where a law enforcement officer is lawfully discharging his *official duties*. See generally *Williams v. State*, 299 Ga. 632, 633 (791 SE2d 55) (2016) (stating that, pursuant to the rules of statutory construction, if the statutory text is clear and unambiguous, we attribute to the statute its plain meaning). The State has not shown that OCGA § 16-10-24 applies where an off-duty municipal police officer is effecting a citizen's arrest.

---

[2] OCGA § 17-4-60 pertinently provides: "A private person may arrest an offender if the offense is committed in his presence or within his immediate knowledge."

7

2. The State asserts that "[t]here is no jurisdictional requirement to the general rule that a law enforcement officer has a duty to enforce the law and maintain the peace twenty-four hours a day[,]" and that "[t]his court has yet to set any jurisdictional limitation on this well-established rule."

Indeed, "[a] law enforcement officer has a full-time duty to maintain the peace." *In the Interest of M. M.*, 265 Ga. App. 381, 383 (1) (c) (593 SE2d 919) (2004) (footnote and punctuation omitted). However, OCGA § 40-13-30 specifically limits the arrest powers of *municipal* officers. Under the rules of statutory construction, "a specific statute will prevail over a general statute, absent any indication of a contrary legislative intent." *Williams*, 299 Ga. at 634 (citations and punctuation omitted); see *Mann v. State*, 273 Ga. 366, 368 (1) (541 SE2d 645) (2001). And a criminal statute will be strictly construed against the State and in favor of the accused. *State v. English*, 276 Ga. 343, 349 (3) (578 SE2d 413) (2003).

To meet its burden under OCGA § 40-13-30 of showing that a local or other law gave Officer J. B. arrest powers outside the municipality that employed him, the State relies upon the following cases, each of which involves obstruction of off-duty law enforcement officers who effected arrests to maintain the peace. See *In the Interest of D. S.*, 295 Ga. App. 847, 848 (673 SE2d 321) (2009); *In the Interest of M.*

8

*M.*, supra; *Frayall v. State*, 259 Ga. App. 286, 288 (2) (576 SE2d 654) (2003); *Stryker*, supra. The State's reliance on those cases is misplaced, however, because none of the cited cases discusses OCGA § 40-13-30 and the authority of a municipal officer to make a lawful arrest outside the boundaries of the municipality.

Although *Zilke*, supra, is not precisely on point because it involved the arrest powers of a *campus* police officer outside the geographical jurisdiction conferred by statute (OCGA § 20-3-72), we find the Supreme Court's analysis in that case compelling. In *Zilke*, the Court recognized that "[p]ursuant to OCGA § 17-4-20 (a) (2) (A), a law enforcement officer may make a custodial arrest without a warrant if the offense is committed in such officer's presence," but, the Court reasoned, nothing in OCGA § 17-4-20 or OCGA § 17-4-23 (which pertinently permitted a law enforcement officer certain arrest powers when a motor vehicle operator committed a violation in his presence) "expands the statutorily-imposed jurisdiction of a campus police officer." Id. at 235 (punctuation omitted). Notably, the Supreme Court in *Zilke* expressly disapproved cases holding that OCGA § 17-4-23[3] "authorizes a law

---

[3]OCGA § 17-4-23 (a) pertinently provides that (1) a law enforcement officer may arrest a person by citation for motor vehicle violations provided the offense is committed in his or her presence, or (2) a law enforcement officer may arrest a person accused of a specified misdemeanor provided the offense was committed in the

9

enforcement officer, including a campus police officer, to make a custodial arrest outside the jurisdiction of the law enforcement agency by which he is employed." Id. at 234-235 (footnotes omitted). Likewise, nothing in OCGA § 17-4-20 (a) (2) (A) – or any authority cited by the State – expands the statutorily-imposed jurisdiction of a municipal police officer. In fact, as set out above, Georgia's Constitution expressly prohibits a municipality from exercising its police protection services outside its own boundaries except by contract with the affected county or municipality. Ga. Const. Art. IX, § II, Para. III (b). No such contract was shown here.

In sum, municipal Officer J. B. had no power to arrest Bacon outside of the territorial limits of his jurisdiction; thus, he was not discharging his official duties when he tried to arrest her, and she could not be convicted of obstruction of an officer for resisting the arrest. See generally *Ewumi v. State*, 315 Ga. App. 656, 665 (2) (b) (727 SE2d 257) (2012) (suspect's attempt to resist an unlawful arrest cannot form the basis for an obstruction conviction because officer was not engaged in the lawful discharge of his official duties). Inasmuch as the evidence demanded a verdict of acquittal, the

---

officer's presence.

10

trial court erred by denying Bacon's motion. Thus, the conviction must be reversed. See generally *Ewumi*.

*Judgment reversed. Dillard, C. J., and Doyle, P. J., concur.*