**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**December 10, 2024**

# In the Court of Appeals of Georgia

A24A1313. GRIFFIN v. THE STATE.

GOBEIL, Judge.

Following the grant of his application for interlocutory review, David Griffin appeals from an order granting the State's motion to reconsider and denying Griffin's motion to suppress evidence obtained during a traffic stop following a pursuit. On appeal, Griffin contends that the trial court erred in denying his motion to suppress because the traffic violation occurred, and the officer initiated the pursuit, outside the officer's jurisdiction, making the traffic stop unlawful. For the reasons that follow, we now affirm.

We apply the following principles upon appellate review of a ruling on a motion to suppress:

First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment. These principles apply equally whether the trial court ruled in favor of the State or the defendant.

*Brown v. State*, 293 Ga. 787, 803 (3) (b) (2) (750 SE2d 148) (2013) (citation and punctuation omitted). Nevertheless, "we owe no deference to the way in which the court below resolved questions of law." *Ewumi v. State*, 315 Ga. App. 656, 658 (1) (727 SE2d 257) (2012) (citation and punctuation omitted).

The facts do not appear to be in dispute. On February 5, 2023, Alexia Marks, who was a Springfield Police officer at the time and not deputized by the Sheriff of Effingham County, was on patrol outside Springfield city limits when she observed Griffin fail to yield the right of way while making a left turn in front of her vehicle at an intersection. Marks activated her emergency lights and siren to initiate a traffic stop. Both the traffic violation and the officer's initiation of the pursuit occurred

outside the municipal jurisdiction of the Springfield Police Department in unincorporated Effingham County. Upon interacting with the driver, Marks immediately detected the odor of marijuana and observed Griffin "looking around and being nervous." She asked Griffin to step out of his vehicle and called Sergeant Clinton Easton of the Springfield Police Department for assistance. After Sergeant Easton arrived on the scene, he informed Marks that they needed to contact the Effingham County Sheriff's Department to take over the investigation because the traffic violation occurred, and the stop was initiated, in its jurisdiction.[1]

Deputy Sergeant Jason Garland of the Effingham County Sheriff's Office responded to the scene, and he discovered a small bag of marijuana and a bag containing a white substance, later identified as cocaine, inside Griffin's vehicle. At one point during the stop, Griffin resisted the officers and ran, and Officer Marks had to deploy her taser to stop him from fleeing the scene. During transport, Griffin offered another officer a cash bribe in order to be released from custody. Based on evidence discovered during the stop, Griffin was arrested and subsequently indicted

---

[1] As she was directing Griffin to pull over, both Officer Marks and Griffin crossed over into City of Springfield territory, which is where Griffin's vehicle came to a stop.

for trafficking cocaine, bribery, obstruction of law enforcement, and possession of marijuana less than an ounce.

Griffin moved to suppress the evidence obtained as a result of the stop, arguing in pertinent part that Officer Marks lacked authority to initiate a traffic stop outside of Springfield city limits. The State filed a response and stipulated to the court ruling based on written submissions alone. On January 8, 2024, the court granted Griffin's motion to suppress and excluded all evidence seized from his vehicle. The State then filed a motion for reconsideration, in which it requested oral argument.[2] Following a hearing, the court summarily granted the State's motion for reconsideration and denied Griffin's motion to suppress. The court certified its ruling for immediate review. Griffin then filed an application for interlocutory review, which we granted in Case No. A24I0146. The instant appeal followed.

Griffin contends the trial court erred in denying his motion to suppress because the traffic violation occurred, and Officer Marks initiated the pursuit, outside the officer's jurisdiction — thereby making the traffic stop unlawful. Accordingly, he

---

[2] The State's written motion for reconsideration is not part of the record on appeal.

claims the subsequently seized evidence should be suppressed. In support, Griffin cites OCGA § 40-13-30, which provides:

> Officers of the Georgia State Patrol and any other officer of this state or of any county or municipality thereof having authority to arrest for a criminal offense of the grade of misdemeanor shall have authority to prefer charges and bring offenders to trial under this article, provided that officers of an incorporated municipality shall have no power to make arrests beyond the corporate limits of such municipality unless such jurisdiction is given by local or other law.

Griffin also cites to *Bacon v. State*, 347 Ga. App. 689, 692-693 (2) (820 SE2d 503) (2018), in which this Court determined that a municipal officer had no power under OCGA § 40-13-30 to arrest someone outside of the territorial limits of the officer's jurisdiction. See also *State v. Middleton*, 363 Ga. App. 851, 853-854 (872 SE2d 920) (2022), vacated by *Middleton v. State*, 316 Ga. 808, 810-811 (2) (890 SE2d 713) (2023).

The State counters that Griffin is relying on outdated law and highlights that the legislature amended H. B. 479 in 2021 (before the stop of Griffin's vehicle in February 2023) in a bid to restructure warrantless arrests in Georgia. As part of that process, the General Assembly revised and amended certain statutes, including, as

relevant here, OCGA § 17-4-20. See Ga. Laws 2021, Act 264, § 1 (effective May 10, 2021). This code section now states in relevant part that:

> Except where otherwise provided by law with respect to a law enforcement officer's jurisdictional duties and limitations, a law enforcement officer may make an arrest for an offense outside of the jurisdiction of the law enforcement agency by which he or she is employed without a warrant . . . (A) [i]f the offense is committed in such officer's presence or within such officer's immediate knowledge[.]

OCGA § 17-4-20 (a) (2) (A).

We have yet to address the interplay between OCGA § 40-13-30 and the revised OCGA § 17-4-20. But, "[w]hen we construe the text of a statutory provision, we start with the premise that we must afford the statutory text its plain and ordinary meaning." *Smallwood v. State*, 310 Ga. 445, 452 (3) (851 SE2d 595) (2020) (citation and punctuation omitted). In doing so, we must bear in mind the principle that "a specific statute will prevail over a general statute, absent any indication of a contrary

legislative intent."[3] *Evans v. State*, 334 Ga. App. 104, 107 (778 SE2d 360) (2015) (citation and punctuation omitted).

Though both parties agree that a specific statute will prevail over a general statute, Griffin essentially contends that OCGA § 40-13-30 — limiting the jurisdiction of municipal officers — is the more specific statute. In contrast, the State maintains that OCGA § 17-4-20 (a) (2) (A) — authorizing an arrest for an offense outside the jurisdiction of the officer without a warrant, if the offense is committed in the officer's presence — is the more specific statute.

Under OCGA § 40-13-30, municipal officers lack the power and authority to make arrests beyond their jurisdiction "unless such jurisdiction is given by local or other law." OCGA § 17-4-20 (a) (2) provides three specific instances in which a law enforcement officer can make an arrest for an offense outside of the officer's jurisdiction absent a warrant, including:

---

[3] This is a well-regarded principle of statutory construction in Georgia and we have applied this principle both to sentencing and to classification of crimes. See, e.g., *Gee v. State*, 225 Ga. 669, 676 (7) (171 SE2d 291) (1969) ("[w]here a crime is penalized by a special law, the general provisions of the penal code are not applicable") (citation and punctuation omitted); *Mann v. State*, 273 Ga. 366, 368 (1) (541 SE2d 645) (2001) (same); *Stovall v. State*, 216 Ga. App. 138, 142 (7) (453 SE2d 110) (1995) (the more specific sentencing statute prevailed despite providing a greater punishment).

(A) If the offense is committed in such officer's presence or within such officer's immediate knowledge;

(B) When in immediate pursuit of an offender for an offense committed within the jurisdiction of the law enforcement agency that employs such law enforcement officer; or

(C) While aiding or assisting another law enforcement officer in the jurisdiction of the law enforcement agency employing such other law enforcement officer.

In other words, OCGA § 17-4-20 (a) (2) lists three specific exceptions to OCGA § 40-13-30's general prohibition against arrests by law enforcement officers beyond their territorial jurisdictions. Accordingly, we agree with the State that OCGA § 17-4-20 (a) (2) is the more specific statute and controls the outcome of this case. See *Dority v. State*, 335 Ga. App. 83, 95 (3) (780 SE2d 129) (2015) ("OCGA § 24-4-414 (a) is the more specific statute regarding admission of prior acts of child molestation and is therefore controlling over OCGA § 24–4–404 (b)," which outlines the general ban on other acts evidence).

Griffin argues the opposite: that the General Assembly intended for OCGA § 40-13-30 (the general bar against law enforcement arresting someone outside of the

territorial limits of the officer's jurisdiction) to prevail over OCGA § 17-4-20 (which contains three exceptions that permit an officer to effect a warrantless arrest outside his or her jurisdiction). In support, Griffin highlights that the exceptions listed under OCGA § 17-4-20 (a) (2) against the general bar of warrantless arrest apply "[e]xcept where otherwise provided by law with respect to a law enforcement officer's jurisdictional duties and limitations[.]" According to Griffin, OCGA § 17-4-20 (a) (2) (A) therefore "creates no exception to the rule established by OCGA § 40-13-30 that municipal officers, like Officer Marks, have no authority to stop and arrest persons outside of their territorial jurisdictions."

However, we are unpersuaded. Griffin's reasoning essentially would render the exceptions listed under OCGA § 17-4-20 (a) (2) meaningless when applied to the actions of municipal officers outside their jurisdiction. The legislature added language to OCGA § 17-4-20 (a) (2) that municipal officers generally have no authority to make arrests outside of their jurisdiction except in three specific instances, including, as relevant here, "[i]f the offense is committed in such officer's presence[.]" OCGA § 17-4-20 (a) (2) (A). Interpreting OCGA § 40-13-30 as a complete and total bar to law enforcement officers' extra-territorial authority would undermine the very existence

of OCGA § 17-4-20 (a) (2). After all, we normally presume "that the legislature did not intend to enact meaningless language." *Pandora Franchising , LLC v. Kingdom Retail Group, LLLP*, 299 Ga. 723, 728 (1) (b) (791 SE2d 786) (2016) (citation and punctuation omitted). See also *Jones v. Peach Trader, Inc.*, 302 Ga. 504, 514 (III) (807 SE2d 840) (2017) ("Where . . . the legislature uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended.") (citation and punctuation omitted).

There is no dispute that Officer Marks observed Griffin commit a traffic violation — when Griffin failed to yield the right of way while making a left turn in front of her vehicle at an intersection. Thus, under OCGA § 17-4-20 (a) (2) (A), Marks was authorized to initiate the traffic stop of Griffin's vehicle, even though Marks was beyond Springfield city limits at the time. Based on the foregoing, and after applying the traditional canons of statutory construction to the statutes in this case, we conclude that the trial court properly granted the State's motion to reconsider. So

it follows that the trial court did not err in denying Griffin's motion to suppress evidence obtained during the traffic stop.[4]

*Judgment affirmed. Barnes, P. J., and Pipkin, J., concur.*

---

[4] Because we conclude that the traffic stop was not illegal, Griffin's contention that the trial court erred by failing to suppress the evidence seized from his vehicle necessarily is without merit.