**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**May 28, 2025**

# In the Court of Appeals of Georgia

A25A0286. THE STATE v. COLLINS.

MCFADDEN, Presiding Judge.

The state appeals the trial court's grant of John Andrew Collins's motion to suppress evidence obtained during a traffic stop. The state argues that the trial court erred in ruling that the municipal law enforcement officer who initiated the traffic stop lacked jurisdiction to make the arrest and to conduct an investigation because the stop and investigation occurred outside the limits of the municipality. We agree, so we reverse.

When conducting an appellate review of a ruling on a motion to suppress evidence, we follow three fundamental principles: First, when a motion to suppress is heard by the trial judge, that judge sits as the trier of facts. The trial judge hears the evidence, and his findings based upon conflicting evidence are analogous to the verdict of a jury and should not

be disturbed by a reviewing court if there is any evidence to support them. Second, the trial court's decision with regard to questions of fact and credibility must be accepted unless clearly erroneous. Third, the reviewing court must construe the evidence most favorably to the upholding of the trial court's findings and judgment.

*Edwards v. State*, 357 Ga. App. 396, 396-397 (850 SE2d 837) (2020) (citation and punctuation omitted). "[A]ppellate courts must focus on the facts found by the trial court *in its order*, as the trial court sits as the trier of fact." *Caffee v. State*, 303 Ga. 557, 559 (1) (814 SE2d 386) (2018) (emphasis in original; citation and punctuation omitted).

After conducting a hearing on Collins's motion to suppress at which four witnesses testified, the trial court found the following facts. A witness was driving home from work when she saw Collins erratically driving a car on Interstate 575. Collins failed to maintain his lane, dropped to speeds as low as 40 miles per hour and then rapidly accelerated to speeds exceeding the 70-miles-per-hour speed limit, and almost struck surrounding vehicles. The witness called 911 and remained on the phone describing her observations of the movement of Collins's car.

A be-on-the-lookout dispatch for the car was issued. A police officer with the city of Holly Springs heard the dispatch and positioned his car in the gore of an intersection to get a better view. His position was in the jurisdictional limits of the city of Canton and outside the jurisdictional limits of the city of Holly Springs. The officer saw Collins's car drive onto an exit ramp, which is located in the city of Canton. The officer repeatedly saw Collins abruptly stop and start on the exit ramp.

Collins turned left from the exit and drove across a bridge located in the city of Canton. The officer caught up to Collins's car as Collins turned onto a street that the trial court found was "probably in the [c]ity of Holly Springs." Collins did not maintain his lane of travel on that street. The officer initiated a traffic stop, and Collins came to a stop at a location in the city of Canton.

Collins had slurred speech, dilated pupils, and slowed motor skills, and was unsteady on his feet. Collins's breath tested positive for the presence of alcohol on a portable breath test. The officer arrested him.

Collins was charged with driving under the influence, reckless driving, and failure to maintain lane. He filed a motion to suppress.

The trial court granted the motion. The court found that the officer had reasonable, articulable suspicion to stop Collins's car and probable cause to arrest him. But the court found that the stop, the investigation for driving under the influence, and the arrest occurred outside the jurisdictional limits of the city of Holly Springs and that the officer saw only Collins's failure to maintain lane within the jurisdictional limits of the city of Holly Springs. The court ruled that under OCGA § 40-13-30 and *Zilke v. State*, 299 Ga. 232 (787 SE2d 745) (2016), at the point Collins left the Holly Springs city limits, the officer could only issue a citation for failure to maintain lane and call the city of Canton Police Department or the Cherokee County Sheriff's Office to investigate the DUI. So the trial court granted Collins's motion to suppress, suppressing "all evidence gathered during and after the investigation and arrest" of Collins. The state filed this appeal.

OCGA § 40-13-30 provides, "officers of an incorporated municipality shall have no power to make arrests beyond the corporate limits of such municipality unless such jurisdiction is given by local or other law." In *Zilke*, 299 Ga. at 232, our Supreme Court held that a Kennessaw State University campus police officer could not make a custodial arrest outside the statutorily-conferred jurisdiction of campus police

4

officers. See OCGA § 20-3-72. The court construed a former version of OCGA § 17-4-20 (a) (2) (A), which at that time provided that a law enforcement officer could make a custodial arrest "without a warrant if [t]he offense is committed in such officer's presence or within such officer's immediate knowledge[.]" Former OCGA § 17-4-20 (a) (2) (A) (2016). The court held that the statute did not authorize the arrest at issue because "nothing in OCGA § 17-4-20 expands the statutorily-imposed jurisdiction of a campus police officer." *Zilke*, 299 Ga. at 235.

Since *Zilke* was decided, however, the General Assembly amended OCGA § 17-4-20 to add language addressing a law enforcement officer's authority outside of his her jurisdiction. Subsection (a) (2) (A) now reads:

> Except where otherwise provided by law with respect to a law enforcement officer's jurisdictional duties and limitations, a law enforcement officer may make an arrest for an offense outside of the jurisdiction of the law enforcement agency by which he or she is employed without a warrant [i]f the offense is committed in such officer's presence or within such officer's immediate knowledge. . . .

OCGA § 17-4-20 (a) (2) (A). See Ga. L. 2021, p. 625, § 1 (effective May 10, 2021).

In *Griffin v. State*, 374 Ga. App. 138 (910 SE2d 241) (2024), we held that the amended statute is an "exception[ ] to OCGA § 40-13-30's general prohibition against

5

arrests by law enforcement officers beyond their territorial jurisdictions." Id. at 142. So we concluded that a municipal officer was authorized to initiate a traffic stop of the defendant's vehicle beyond the limits of the jurisdiction of the officer's municipality, because she observed the defendant commit a traffic violation, and the trial court did not err in denying the defendant's motion to suppress. Id. at 142-143.

*Griffin* controls the outcome here. The trial court found that the city of Holly Springs police officer observed Collins commit a traffic violation. So under the amended statute, the officer was authorized to stop Collins's car beyond the city limits of Holly Springs and, as part of that stop, conduct a DUI investigation. For this reason, the trial court erred in granting Collins's motion to suppress.

*Judgment reversed. Hodges and Pipkin, JJ., concur.*